IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

GREGORY F. TAYLOR, :
:
      Plaintiff :
:
VS. :
: 3 : 06-CV-66 (CDL)
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
      Defendant. :

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on August 10, 2006, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed an application for Supplemental Security Income benefits on January 18, 2002, alleging disability beginning January 3, 2002, due to a shoulder injury. His application was denied initially and upon reconsideration and the claim was then presented before an Administrative Law Judge ("ALJ"). Following a hearing, the ALJ determined that the plaintiff was entitled to a closed period of disability from January 3, 2002 through April 30, 2003. The plaintiff appealed the unfavorable portion of this decision to the Appeals Council, to wit, that the plaintiff was not disabled after April 30, 2003, and the Appeals Council denied review. He then filed this appeal, arguing that the ALJ failed to provide citations to and rely upon the evidentiary record in determining that his disability ceased as of April 30, 2003. The plaintiff also alleges that the ALJ failed to provide specific reasons for discrediting his subjective accounts of

disabling pain.

The plaintiff was thirty-seven (37) years of age at the time of the hearing before the ALJ on June 8, 2005, having completed the 11th grade. He has past relevant work experience as an auto mechanic, poultry worker, and construction worker. On January 3, 2002, the plaintiff suffered a stab wound to his left shoulder, inflicted by his child's mother. The plaintiff contends that this injury has never fully healed and that he continues to suffer pain, nerve damage, and the side effects of medication used to treat his symptoms.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal

2

analysis has been conducted mandates reversal." *Cornelius,* 936 F.2d at 1145-1146.

*Discussion*

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ herein determined that the plaintiff had engaged in substantial gainful activity at any time since the alleged onset date, and that he suffered from severe impairments in the form of left shoulder stab wound and status-post reconstructive shoulder surgery. After determining that the plaintiff did not have an impairment that met or equaled the criteria of any listed

impairment, the ALJ reviewed the medical evidence and the plaintiff's testimony to determine whether the plaintiff retained the residual functional capacity to perform the requirements of his past relevant work or could adjust to other work.

The ALJ determined that, as a result of the injury to his left shoulder, the plaintiff "could not perform sustained work activity secondary to his pain and residual effects of his surgery" between January 3, 2002 through April 30, 2003. R. at 15. However, he went on to find that

> a reasonable nexus exists between the objective medical evidence and types of symptoms alleged by the claimant after April 30, 2003. However, to the extent that the claimant alleges impairments so severe as to preclude all sustained work activity, the undersigned does not find him credible in light of the opinions of treating and nonexamining physicians, and the claimant's level of daily activities. The substantial weight of the opinion evidence from his physicians, as well as the opinions of the nonexamining State agency physicians, does not indicate that the claimant is precluded from all work activity after April 30, 2003.
>
> Although the claimant experiences some limitations due to his impairments, his testimony is not entirely credible. There are no significant exertional or nonexertional work-related limitations present in the record that would preclude the claimant from performing work activity. The claimant does not experience pain in his right arm and his left arm pain is controlled by medications. The claimant's alleged side effects of his medications are not consistent with the totality of the medical evidence and his side effects would not interfere with his ability to perform work activities with the restrictions enumerated *infra*. The claimant's testimony, coupled with the objective medical evidence of record simply does not indicate that he is precluded from all work activity after April 30, 2003.

R. at 15-16.

The plaintiff argues that the ALJ provides no citations to the evidentiary record to substantiate his conclusions, and that under *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.

4

1981), the ALJ has a duty to make clear the weight accorded to each part of the evidence.

In *Cowart*, the Eleventh Circuit found that the ALJ's decision was not supported by substantial evidence, in part because

> the decision rendered by the ALJ does not make clear the weight accorded to the various testimony considered. The decision states only that the ALJ "has carefully considered all of the testimony ... and exhibits ... and has given weight to each as he feels should be properly accorded to it." This statement tells us nothing whatsoever; it goes without saying that the ALJ gave the testimony the weight he believed should be accorded to it. What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

*Id.* at 735 (internal citations omitted).

A review of the ALJ's decision reveals that he provided a detailed discussion of the plaintiff's subjective accounts of pain and limitation. The ALJ does not provide, however, any specific discussion of or reference to the medical evidence. "The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for the decision so that a reviewing court will be able to determine whether the ultimate decision is based on substantial evidence." *Freeman v. Barnhart*, 220 Fed.Appx. 957, 959-60 (11th Cir. 2007). The Court cannot conduct a meaningful review if the ALJ fails to state what legal standards he applied or what weight he gave to the medical evidence. *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985). The ALJ herein merely refers in general to the "substantial weight of the opinion evidence from

5

[plaintiff's] physicians, as well as the opinions of the nonexamining State agency physicians", without providing any specific discussion of the medical evidence or the medical opinions themselves R. at 16.

Inasmuch as the Commissioner's final decision in this matter therefore is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g) for further consideration of the plaintiff's claims. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 18th day of July, 2007.

                                                  /s/ ***Richard L. Hodge***
                                                  RICHARD L. HODGE
                                                  UNITED STATES MAGISTRATE JUDGE

asb